UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA STUART,

            Plaintiff,

    v.

ERIC PAULDING, BRIAN ROBERTSON, TOWN OF
ULSTER POLICE OFFICER GARY SHORT, TOWN OF
ULSTER POLICE OFFICER SEYFARTH, DETECTIVE
ROBERT HABERSKI, TIMOTHY MATTHEWS,

            Defendants.

1:12-CV-0025

_____

**APPEARANCES**                          **OF COUNSEL:**

SUSSMAN & WATKINS                  Michael H. Sussman, Esq.
*Counsel for Plaintiff*
55 Main Street, Suite 6
P.O. Box 1005
Goshen, New York 10924

SHANTZ & BELKIN                     M. Randolph Belkin, Esq.
*Counsel for Defendants Short and Seyfarth*
26 Century Drive, Suite 202
Latham, New York 12110

BAILEY KELLEHER & JOHNSON, P.C.      Crystal R. Peck, Esq.
*Counsel for Defendant Haberski*
Pine West Plaza 5, Suite 507
Washington Avenue Extension
Albany, New York 12205


**NORMAN A. MORDUE, U.S. District Judge**

MEMORANDUM-DECISION AND ORDER

I.    INTRODUCTION

       The complaint is filed under the auspices of 42 U.S.C. § 1983. Plaintiff contends that he was beaten by a number of the defendant police officers after he peaceably surrendered to police.

Plaintiff's surrender was preceded by his escape from police custody which necessitated a foot chase, a police helicopter searching the woods where he escaped and officers searching the woods for plaintiff on foot for several hours. Presently before the Court are two motions to dismiss the complaint against three of the defendants - Short, Seyfarth and Haberski - based on plaintiff's failure to serve the complaint in a timely fashion as required by the Local Rules of this Court and Fed. R. Civ. P. 4 (m). These defendants also move to dismiss the complaint on the ground that plaintiff has failed to prosecute this action in accordance with Fed. R. Civ. P. 41 (b). Plaintiff opposes defendants' motions.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the present action on January 5, 2012, by filing a complaint. The Clerk of the Court issued summonses for the six named defendants on January 6, 2012. The Court also issued a General Order 25 scheduling order on January 6, 2012, which set the initial "Rule 16" scheduling telephone conference for June 27, 2012. Regarding service of process, the Court's General Order 25 scheduling order advises all parties:

> Service of process should be completed within Sixty (60) days from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court and to ensure adequate time for pretrial discovery and motion practice. However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other Rule or Statute which may govern service of process in a given action.

Plaintiff's counsel has submitted a declaration in this matter in which he cites, among other things, "law office failure" for the fact that defendants were not served within the time period prescribed by Fed. R. Civ. P. 4 (m). Attorney Sussman states that he practices primarily in the Southern District of New York where cases are filed in person or by mail and hard copies are then "[brought] home" for service." He said in the Northern District, where he has initiated "more than a dozen cases," the filing of a complaint and the issuance of summonses is generally

done electronically. Mr. Sussman avers that "[w]hen the case was filed, [he] asked his assistant to pull the Complaint and Summonses and arrange service." He said as his assistant had worked well with him for three and a half years, he assumed she had done as he asked and "did not pay sufficient attention to this matter." In early March 2012, Mr. Sussman said his attention was "taken by a police shooting and the death of young man in Newburgh." He states that his "heavy workload became more intense and [he ] did not attend to this matter and insure it was properly served." According to Mr. Sussman, he realized in May 2012 that this matter had not been served and directed his assistant to get the papers to the process server which she did with "directions to serve immediately." However, Mr. Sussman avers that the process server did not serve the papers as directed "in part the result of overwhelming demand for his services." Absent from Mr. Sussman's submissions is an affidavit from the subject process server or an explanation as to why a different process server was not used given the alleged burdens on the one engaged in this case.

Mr. Sussman asserts:

> In June 2012, the Magistrate Judge's Chambers communicated with me concerning this matter and I indicated [as was my understanding] that we were in the process of serving the six defendants, one of whom was by then in state prison. I understood that the initial June 27, 2012 case management conference was adjourned to allow completion of service and felt this process was a reasonable substitute for a motion made to extend the time for service. I attach that communication for the Court's communication.

On June 20, 2012, Magistrate Judge Baxter issued the following order:

> The 60 day time frame within which service of the Summons, Complaint, and G. O. 25 Filing Order upon the defendant was to be completed has expired. Plaintiff is to advise the court of the status of this action IN WRITING by 6/27/2012. If service has been completed proper proof of such service shall be filed. If service has not been completed plaintiff may submit a written request for an extension of such time.

On June 20, 2012, the Court issued the following text notice to all parties: "The telephone rule 16

-3-

conference scheduled for 6/27/2012 is CANCELLED and will be rescheduled at a later date if necessary." On June 28, 2012, Magistrate Judge Baxter's Courtroom Deputy wrote to plaintiff's counsel via e-mail and stated the following: "A status report was due to be electronically filed in this action yesterday. Please advise as to that (sic) status of this case." Plaintiff's counsel responded "I am checking with the process server and will advise by cob tomorrow." Magistrate Judge Baxter's Deputy Clerk then wrote back "Thank you!"

Plaintiff's counsel never sought an extension to effect service in this case and did not file the six affidavits of service for defendants until July 10, 2012. According to the affidavits of service, the summons for the six defendants were provided to the process server on May 22, 2012. The process server successfully served the defendants on June 29, 2012.

III. DISCUSSION

A. Standard Of Review

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m). In addition, it is clear that a court may not exercise jurisdiction over the person of a party who has not been effectively served with process. *See Sajimi v. City of New York*, No. 07- CV-3252, 2011 WL 135004, at \*3 (E.D.N.Y. Jan. 13, 2011) (holding that "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement for service of summons must be satisfied"); *see also Copelco Capital, Inc. v. Gen. Consul of Bolivia*, 940 F.Supp. 93, 94 (S.D.N.Y.1996). As the Supreme Court noted in *Henderson v. United States*, 517 U.S. 654, 672 (1996), "the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Id*.

-4-

The Second Circuit has indicated that the notice must be "reasonably calculated to provide actual notice of the action." *National Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 258 (2d Cir.) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)), *cert. denied*, 502 U.S. 968 (1991). As the Court in *Steel Co. v. Citizens for a Better Environment* stated: "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States and is inflexible and without exception." 523 U.S. 83, 94–95 (1988).

It is well-established that "[w]hen the defendant challenges the sufficiency of service of process, the burden of proof is on the plaintiff to show adequacy of service.*"* *Blue Ocean Lines v. Universal Process Equip., Inc.*, No. 93-CV-1722, 1993 WL 403961, at (S.D.N.Y. Oct.7, 1993) (internal citation omitted); *see also Schwasnick v. Fields*, No. 08-CV-4759, 2010 WL 2679935, at *2 (E.D.N.Y. June 30, 2010); *accord Bey v. U.S. Postal Serv.*, No. 03-CV-4081, 2005 WL 2923516, at *1 (S.D.N.Y. Nov.4, 2005). In considering whether a complaint is subject to dismissal under Rule 12 (b) (5) for failure to properly effect service, the Court " 'must look to matters outside the complaint to determine whether it has jurisdiction.' " *Hertzner v. U.S. Postal Serv.*, No. 05-CV-2371, 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007) (citation omitted). *Beauvoir v. United States Secret Service*, 234 F.R.D. 55, 56 (2d Cir. 2006).

B.      Good Cause for Failure to Serve

Rule 4(m) provides that if a plaintiff shows "good cause" for the failure to serve the summons and complaint upon a defendant within 120 days after the filing of the complaint, the Court "shall extend the time for service for an appropriate period."  However, "[a] party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. American Freightways, Inc.*, No. 04-CV- 9536 (JCF), 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005) (citing *Geller v. Newell*, 602 F.Supp. 501, 502 (S.D.N.Y.1984)).  "Good cause is 'generally found only in

exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.' " *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc*., 187 F.R.D. 503, 505 (S.D.N.Y.1999) (quoting *Nat'l Union Fire Ins. Co. v. Sun*, No. 93-Civ.-7170 (LAP), 1994 WL 463009, at *3 (S.D.N.Y. Aug.25, 1994)). Therefore, "[a]n attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Id*. (quoting *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y. 1997), *aff'd,* 173 F.3d 844 (2d Cir. 1999)).

In arguing that there was "good cause" for the failure to serve defendants in this case, plaintiff's counsel alleges "misplaced reliance." Specifically, plaintiff's counsel claims that although he had ample experience with federal litigation, he "detrimentally relied" upon his office assistant, and assumed she had attended to the matter of service for over five months because he was consumed with other more pressing cases. Compounding his error, after discovering that his assistant had not effectuated service as he had directed in more than five months, he then asked the same assistant to get the necessary papers to a process server with directions to have defendants served immediately. According to plaintiff's' counsel, it took the process server an additional five weeks to serve defendants after the papers were finally delivered because he was so burdened with other work.

Notably absent from Mr. Sussman's submissions are an affidavit from his assistant or the process server detailing their alleged errors or heavy workload in this matter. However, the most glaring fact in the record before the Court is that the 120 day time period under 4 (m) had long passed before plaintiff's' counsel even made an attempt to get the summonses in this case to a process server for service on defendants. There were **no attempts** made at service within the 120 day period and no requests for extensions or assistance from the Court once plaintiff's' counsel recognized he had completely missed the deadline for service due to his own error. Moreover, it

-6-

is "trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." *McKibben v. Credit Lyonnais*, No. 98-Civ.-3358(LAP), 1999 WL 604883, at \*4 (S.D.N.Y. Aug.10, 1999) (*quoting Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991)). Accordingly, plaintiff has not established good cause for the failure to timely serve defendants.

C.   Discretionary Extension

While an extension must be granted if the plaintiff meets the standard for a good cause extension, it may be granted if the court exercises its discretionary authority to extend the deadline. *Carroll v. Certified Moving & Storage, Co., L.L.C.*, 2005 WL 1711184, No. 04-CV-4446ARR , at \*2 (E.D.N.Y July 19, 2005). The Advisory Committee Notes to Rule 4(m) state that courts may "relieve a plaintiff of the consequences of an application of [the rule] even if there is no good cause shown." *Id.* Fed. R. Crim. P. 4 (m) Advisory Committee's Note (1993 amendments); *AIG Managed Market Neutral Fund*, 197 F.R.D. 104, 109 (S.D.N.Y. 2000). Thus, even if a good cause extension is denied, the Court should nevertheless consider granting a discretionary extension. A district court may grant an extension in the absence of good cause, but it is not required to do so. *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). In deciding whether to grant such an extension, courts balance justifiable excuses offered by the plaintiff, the length of the delay, and any prejudice to either party. *See Eastern Refractories, Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999) (factors to consider in granting discretionary extension include any evasive behavior by defendant, notice and prejudice to defendant, and whether claim would be barred).

As in a good cause inquiry, a discretionary extension analysis begins with an examination of exceptional circumstances that might have obstructed a plaintiff's diligent attempts at service. *See id.* at 506 ("Generally, when courts consider granting an extension of time notwithstanding a

lack of good cause, they are considering motions made by plaintiffs prior to the expiration of the 120-day period."). The burden of proving exceptional circumstances is lower for discretionary extensions than for those based on good cause. *Spinale v. United States*, 2005 WL 659150, No. 03CIV1704KMWJCF, at *4 (S.D.N.Y. March 16, 2005). However, courts have refused to find justifiable excuse when the plaintiff's neglect and inadvertence are unaccompanied by a diligent effort to identify and remedy the service defect quickly. *See McKibben v. Credit Lyonnais*, 1999 WL 604883, No. 98-Civ. 3358 LAP (S.D.N.Y Aug. 10 1999) at *3 ("[W]here it is apparent that an attorney's ignorance, inadvertence, or 'misplaced reliance' promulgated the failure to serve process, courts have shown no leniency."). Additionally, claims of justifiable excuse have been rejected when based on an error in strategy by the plaintiff's counsel. *See Eastern Refractories*, 187 F.R.D. at 504-05 (denying discretionary extension despite crediting fact that delay was due to plaintiff's difficulty in deciding where to seek contribution).

In the present case, the Court actually offered to extend the deadline to file proof of timely service after the deadline had passed if a request was made in writing, but no request was forthcoming from plaintiff's counsel. Mr. Sussman attempts to twist the Court's docket entries and email correspondence into a tacit approval of his untimely filing of proof of service. He claims that he was in communication with the Court about the fact that he was in the process of serving the defendants, one of whom was in prison. He states that the Rule 16 conference was canceled to allow for completion of service. However, there is no proof in the record to establish that the Court canceled the conference because of the absence of service, or was aware of the details of Mr. Sussman's attempts at service as he alleges. Moreover, there is no evidence that the Court had afforded plaintiff's' counsel extra time or opportunity to effect service. Indeed, the Court ordered plaintiff to advise of the status of service and file proof of it or request an extension in writing to extend the time to file proof of service. There is nothing in the Court's e-mail

-8-

correspondence with plaintiff's' counsel which suggests that the Court was aware that service had not yet been completed, and or had authorized an extension of the time to complete service.

When Mr. Sussman failed to provide the required status report by June 27, 2012, the Magistrate Judge's Court Clerk inquired as to the status of the case on June 28, 2012, and Mr. Sussman sent an e-mail stating that he would check with the process server by the end of close of business. The Clerk simply replied "Thank you!" In no way did the Court employee's reply suggest or imply that she was aware that service had not been completed. Indeed, Mr. Sussman's e-mail very reasonably suggests he was merely awaiting proof of timely service from his process server. In no way did the Court employee's simple "Thank you" by e-mail to Mr. Sussman suggest or imply that she was relieving him of his obligation to seek a written extension of time to comply with the service requirement.

Applying the required factors to the facts herein, the Court finds that there is no evidence that these defendants had actual notice of the lawsuit prior to June 29, 2012, when they were served. Moreover, defendants did not attempt to conceal the service defect from plaintiff. Mr. Sussman waited until July 10, 2012, to file the affidavits of service and counsel for these defendants moved to dismiss the complaints on July 19, 2012, and July 23, 2012, respectively. There is slight, if any, prejudice to defendants should the case go forward as against them. On the other hand, it is clear that the statute of limitations will bar plaintiff from pursuing his claims against these defendants if the Court grants the motions to dismiss for failure to timely serve under Rule 4 (m). The Court is acutely aware that behind Mr. Sussman stands a plaintiff who has alleged a violation of his constitutional rights, and who will be unable to pursue his claims directly against these three defendants should they be dismissed due to his counsel's neglect. Certainly there is the possibility that the remaining defendants could implead these three defendants by way of a third -party action bringing them back into the lawsuit.

Overall, defendants' lack of actual notice and lack of evasive behavior are neutral factors and the prejudice to plaintiffs should dismissal be granted is a factor that weighs in favor of a discretionary extension. However, the Court takes note of other important factors militating against a discretionary extension - i.e., the absolute lack of any justifiable excuse for the delay in service, the failure to have even attempted service within the 120 day period and the failure by counsel to have requested an extension or the assistance of the Court after it was grossly apparent that service had been overlooked. *See*, *Zapata*, 502 F.3d at 199 (plaintiff made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay), *Bogle-Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006)( "[i]n any event, [the plaintiff] made no showing whatever as to any effort on her part to effect personal service [,] made no effort to show good cause for her failure and never requested an extension of time [while] the case was pending"), *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934-935 (7th Cir. 2002) (citing plaintiff's failure to properly effect timely serve "with no even colorable justification" after holding that "the fact that the balance of hardships favors the plaintiff does not **require** the district judge to excuse the plaintiff's failure to serve the complaint and summons within the 120 days provided by the rule" (emphasis added)).

As referenced above, the Court is troubled by the absence of an affidavit from the process server who allegedly caused further delay in this case. Mr. Sussman apparently expects the Court to accept his word regarding the "overwhelming demand" for the process server's services.

Even more concerning, however, is Mr. Sussman's attempt to use the Court's docket and e-mail communications with the Magistrate Judge's Court Clerk to his own advantage. Just as the Second Circuit noted in *Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010) "there are some indications in the record that [Magistrate Judge Baxter] intended to be permissive with [plaintiff]

-10-

in [his] service of [defendants.]" In particular, the Court notes that the Rule 16 conference was adjourned and the Magistrate Judge issued an Order directing that the plaintiff advise the Court in writing of the status of the action and file proof of service. As in *Gerena*, this suggests that the Court may have intended to allow untimely service. *See id.* Indeed, the Magistrate Judge invited plaintiff to make a request in writing for an extension of time to file proof of service. "However, this does not amount to a conclusive extension of time to serve." *Id.* Contrary to Mr. Sussman's representations otherwise, no reasonable person could point to anything in the record and state that it proves it demonstrates he made "a reasonable substitute for a motion . . . to extend the time for service."

Based thereupon, the Court finds that plaintiff's counsel's negligence and attempt to mischaracterize the Court's Orders, docket entries and e-mail communications compels denial of any discretionary extension.

IV. CONCLUSION

After thorough review of the record, it is hereby

ORDERED that the motion to dismiss for failure to timely serve the complaint filed by defendants Seyfarth and Short (Dkt. # 11) is GRANTED; and it is further

ORDERED that the motion to dismiss for failure to timely serve the complaint filed by defendant Haberski (Dkt. # 15) is GRANTED; and it is further

ORDERED that the motion filed by defendant Haberski for failure to prosecute this action in accordance with Fed. R. Civ. P. 41 (b) is DENIED as moot.

ORDERED that the complaint is dismissed with prejudice as against defendants Seyfarth, Short and Haberski.

IT IS SO ORDERED.

-11-

Dated: March 28, 2013
       Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge