**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JOSHUA STUART,**

        **Plaintiff,**

  v.

**ERIC PAULDING, BRIAN ROBERTSON, TOWN OF
ULSTER POLICE OFFICER GARY SHORT, TOWN OF
ULSTER POLICE OFFICER SEYFARTH, DETECTIVE
ROBERT HABERSKI, TIMOTHY MATTHEWS,**

        **Defendants.**

**1:12-CV-0025**

---

| **APPEARANCES** | **OF COUNSEL:** |
|---|---|
| SUSSMAN & WATKINS<br>55 Main Street, Suite 6<br>P.O. Box 1005<br>Goshen, New York 10924<br>*Counsel for Plaintiff* | Michael H. Sussman, Esq. |
| COOK NETTER CLOONAN<br>KURTZ & MURPHY, P.C.<br>85 Main Street<br>P.O. Box 3939<br>Kingston, New York 12402<br>*Counsel for Defendants Paulding, Robertson*<br>*and Matthews* | Eric M. Kurtz, Esq. |

**NORMAN A. MORDUE, Senior U.S. District Court Judge**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

The complaint is filed pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff contends that he was beaten by a number of the defendant police officers after he peaceably surrendered. Previously, three of the defendants - Paulding, Robertson and Matthews - moved to dismiss the complaint based on, among other things, plaintiff's failure to serve the complaint in a timely

fashion as required by Fed. R. Civ. P. 4(m). Dkt. No. 25. Although the Court granted a similar motion by defendants Short, Seyfarth and Haberski (Dkt. No. 21), the Court denied the motion by defendants Paulding, Robertson and Matthews because unlike defendants Short, Seyfarth and Haberski, who immediately filed a motion to dismiss in lieu of an answer, they filed an answer to the complaint, failed to raise the defense of insufficiency of service and actively participated in the litigation of this case for twenty one months. Dkt. No. 34. Presently before the Court is a motion for reconsideration by defendants Paulding, Robertson and Matthews. Dkt. No. 35.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the Memorandum-Decision and Order denying defendants' motion to dismiss, the Court summarized the factual and procedural background as follows:

> Plaintiff filed the present action on January 5, 2012, by filing a complaint. The Clerk of the Court issued summonses for the six named defendants on January 6, 2012. The Court also issued a General Order 25 scheduling order on January 6, 2012, which set the initial "Rule 16" scheduling telephone conference for June 27, 2012. Regarding service of process, the Court's General Order 25 scheduling order advises all parties:
>> Service of process should be completed within Sixty (60) days from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court and to ensure adequate time for pretrial discovery and motion practice. However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other Rule or Statute which may govern service of process in a given action.
>
> A legal secretary for plaintiff's counsel as well as the process server engaged for plaintiff's counsel have both submitted affidavits in opposition to defendants' motion acknowledging that service was not made in a timely manner. Neither of these individuals provides a particularly compelling excuse for tardy service of process other than they were "occupied with other assignments" and

2

> they were "unable to find good home addresses" for the defendants. There were **no attempts** made at service within the 120 day period and no requests for extensions or assistance from the Court once plaintiff's' counsel recognized he had completely missed the deadline for service due to his own error.

Dkt. No. 34.

## DISCUSSION

### Standard Of Review

The standard for granting a motion for reconsideration is "strict." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). A previous ruling will be reconsidered and vacated if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y.1995) (citing *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.1983)).

Defendants argue that reconsideration is necessary to correct a clear error of law because plaintiff's service of process was untimely and the legal analysis of their motion therefore "lies under Rule 4(m)", not Rule 12. In its prior decision, the Court analyzed defendants' motion under Rule 4(m) but concluded that the waiver provisions in Rule 12 precluded relief. Dkt. No. 34, pp. 3-6.

Rule 12(b)(4) and (5) permit a party to assert the defenses of "insufficient process" and "insufficient service of process" by motion. Rule 12(h)(1)(B) states that: "A party waives any defense listed in Rule 12(b)(2)-(5), by . . . (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Thus, if a defendant "does not raise any objection to insufficient service of process in [his] first responsive submission, [he] waives it." *Sutton v. Hughes*, Civ. No. 3:06-

cv-1333, 2008 WL 1848881 (D.Conn. Apr. 24, 2008). "[C]ourts have allowed untimely [Rule 12(b)(5)] motions if the defense has been previously included in the answer, *Johnson v. Brickhouse*, No. 01 Civ. 9386, 2005 WL 355236, at *3 (S.D.N.Y. Feb. 18, 2003) (citing Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1361, at 445–45 (2d Ed.1990); *Allianz Insurance Co. v. Ofero*, No. 01 Civ. 2598, 2003 WL 262335, at *3 (S.D.N.Y. Jan. 30, 2003); *Molnlycke Health Care AB v. Dumex Medical Surgical Products Limited*, 64 F.Supp.2d 448, 449 n. 1 (E.D.Pa.1999)).

In this case, defendants did not raise the defense of insufficient service of process in their answer; they asserted lack of personal jurisdiction, which is not the same. *Santos v. State Farm Fire and Casualty Co.*, 902 F.2d 1092, 1095 (2d Cir.1990). As the Second Circuit has explained, these defenses, "while often related, are not identical":

> Questions of personal jurisdiction go to whether the controversy or defendant has sufficient contact with the forum to give the court the right to exercise judicial power over defendant, whereas questions of sufficiency of service concern the manner in which service has been made and not the court's power to adjudicate defendant's rights and liabilities. Thus, to the extent that a defense of lack of personal jurisdiction is based on delivery of the summons and complaint ..., that basis should be clearly specified.

*Santos*, 902 F.2d at 1095-96. The Court therefore denied defendants' motion to dismiss on the ground that they had waived the defense of insufficient service of process under Rule 12 by failing to assert it in their answer or raise it in a pre-answer motion to dismiss.

In support of their motion for reconsideration, defendants argue that because they brought their motion pursuant to Rule 4(m), which requires dismissal "if a defendant is not served within 120 days after the complaint is filed", Rule 12's waiver provision does not apply. This argument lacks merit: "courts and commentators addressing the apparent tension between

4

Rules 4(m) and 12(h) have unanimously concluded that Rule 4(m) does not trump Rule 12(h) and that an objection that service is untimely under Rule 4(m) is subject to waiver by the defendant if not made in compliance with Rule 12." *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 195 (3d Cir. 1998) (citing 4A Wright & Miller, Federal Practice and Procedure: Civil 2d § 1137 at 81 (Supp.1998) ("the mandatory-sounding language of Rule 4(m), stating that a court 'shall dismiss' an action if service is not effected within 120 days, does not affect waiver under Rule 12(h)(1)(B) if a defendant files a responsive pleading that omits insufficiency of service as a defense"). Thus, reconsideration on the basis that Rule 4(m) overrides the waiver provisions in Rule 12, is not warranted.

Defendants also argue for reconsideration on the ground that the cases the Court cited it its previous decision, *Roque v. United States*, 857 F.2d 20 (1st Cir. 1988) and *Pila v. G.R. Leasing and Rental Corp.*, 551 F.2d 941 (1st Cir. 1977), are distinguishable because "they both deal with service of process that was made within the 120 days, but was made insufficiently." Dkt. 35-1, p.10. Even assuming the facts of those cases are distinguishable,[1] their holdings: "the defense of insufficient service of process is waived if not raised in the answer (or in a motion filed prior to or contemporaneously with the answer)" are still applicable. *Roque*, 857 F.2d at 21. In *Ahern v. Neve*, for example, the Court denied the defendants' motion for summary judgment even though it was undisputed that the plaintiff served the summons and complaint after the 120 time period specified in Rule 4(m) because the defendants, who did not file a pre-answer motion to dismiss, "failed to assert the defense of improper service in their answer" and participated in the case for "more than two years". 285 F.Supp.2d 317, 320-21

---

[1] It is undisputed that plaintiff did not complete service within 120 days in this case.

5

(E.D.N.Y. 2003). Accordingly, defendant's motion for reconsideration is denied.

## CONCLUSION

After thorough review of the record and careful consideration of defendants' arguments it is hereby

**ORDERED** that the motion by defendants Paulding, Robertson and Matthews (Dkt. # 25) for reconsideration is **DENIED.**

**IT IS SO ORDERED.**

Dated: May 16, 2014
      Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge